**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2258-WJM

RAMONA L. SOLLERS,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

      Defendant.

---

**ORDER VACATING ADMINISTRATIVE LAW JUDGE'S DECISION AND
REMANDING TO THE COMMISSIONER FOR REHEARING**

---

This social security benefits appeal is before the Court under 42 U.S.C. § 405(g).
Plaintiff Ramona L. Sollers ("Plaintiff") challenges the final decision of Defendant, the
Commissioner of Social Security ("Commissioner"), denying her application for disability
insurance benefits.  The denial was affirmed by an Administrative Law Judge ("ALJ"),
who ruled Plaintiff was not disabled within the meaning of the Social Security Act
("Act").  This appeal followed.

For the reasons set forth below, the ALJ's decision denying Plaintiff's application
for Social Security disability benefits is vacated and the case is remanded to the
Commissioner for rehearing.

## I.  BACKGROUND

Plaintiff was born on April 16, 1956, and was 55 years old on the alleged
disability onset date.  (Admin. Record ("R.") (ECF No. 10) at 14, 36.)  Plaintiff has past

relevant work experience as a retail sales clerk.  (R. at 20.)

Plaintiff filed an application for a period of disability and disability insurance benefits on December 17, 2009, alleging that she had been disabled since August 30, 2009 due to multiple impairments, including bilateral plantar hallux with associated pain and affective disorder.  (R. at 14, 16.)  Plaintiff's application was initially denied on July 1, 2010.  (R. at 14.)  After requesting a hearing on August 5, 2010, Plaintiff's claims were heard by ALJ William Musseman on April 16, 2012.  (*Id.*)  Plaintiff and vocational expert Dennis J. Duffin testified at the administrative hearing.  (*Id.*)  At the hearing, Plaintiff's counsel amended the alleged onset date to April 16, 2011.  (R. at 14.)

On April 24, 2012, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1]  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 16, 2011.  (R. at 16.)  At step two, he found that Plaintiff suffered from bilateral plantar hallux with associated pain, a severe impairment.  (*Id.*)  The ALJ did not find Plaintiff's mental illness, including her affective disorder, to be a severe impairment.  (R. at 16-17.)  At step three, the ALJ found that Plaintiff's severe impairment did not meet or medically equal any of the impairments or combination of impairments listed in the social security regulations.  (R. at 17.)  The ALJ then assessed Plaintiff's residual functional capacity

---

[1]  The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

("RFC"), finding that she could "perform light work as defined in 20 C.F.R. §
404.1567(b) except that she would require work with an SVP [specific vocational
preparation] of three or less."  (R. at 18.)  Given this RFC, at step four, the ALJ found
that Plaintiff was capable of performing her past relevant work as a retail sales clerk.
(R. at 20.)  Accordingly, the ALJ found that Plaintiff was not disabled within the meaning
of the Act and therefore was not entitled to benefits.  (*Id.*)

The Appeals Council denied Plaintiff's request for review on July 9, 2013.  (R. at
1-3.)  Thus, the ALJ's April 24, 2012 decision is the final administrative action for
purposes of review.

## II.  STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial
evidence in the record as a whole supports the factual findings and whether the correct
legal standards were applied.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).
Substantial evidence is such relevant evidence as a reasonable mind might accept as
adequate to support a conclusion.  *Id*.  "It requires more than a scintilla, but less than a
preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Evidence is not
substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*,
399 F.3d 1257, 1261-62 (10th Cir. 2005).  In reviewing the Commissioner's decision,
the Court may neither reweigh the evidence nor substitute its judgment for that of the
agency.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  "On the other hand, if
the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a

lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III.  ANALYSIS

On appeal, Plaintiff makes four arguments as to why the ALJ's decision should be reversed:  (1) the RFC finding is not stated on a function-by-function basis; (2) the ALJ improperly rejected the examining physician's opinion; (3) the RFC finding does not account for Plaintiff's mental health limitations; and (4) the RFC finding is not supported by substantial evidence.  (ECF No. 14 at iv.)  As the Court finds the third argument dispositive, it will address this argument first.

Plaintiff contends that the ALJ erred in failing to properly consider Plaintiff's mental impairments in formulating the RFC.  (ECF No. 14 at 20-23.)  Pursuant to the regulations, "in assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2)).  The ALJ may not "simply rely on his finding of non-severity as a substitute for a proper RFC analysis." *Id.* (citing Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *4 (July 2, 1996)).

Here, the ALJ mentioned Plaintiff's mental impairments in discussing the "paragraph B" criteria, which is an analysis used to rate the severity of mental impairments in four general areas of functioning at steps two and three of the sequential evaluation process.  (R. at 17-18.)  He found that the evidence showed that Plaintiff had "no more than mild limitations" in the "paragraph B" functional areas, and

4

concluded that Plaintiff's mental impairment was non-severe.  (R. at 18.)  The ALJ then stated that "any difficulties that would possibl[y] arise out of claimant's affective disorder would be addressed by the limitation to tasks with a specific vocational preparation (SVP)[2] of three or less incorporated into the [RFC] assessment as a result of claimant's chronic pain."  (R. at 18.)

The ALJ's written decision then quotes directly from Social Security Ruling 96-8p, which states that:

> [T]he limitations identified in the "paragraph B" . . . criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process.  The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments . . . .

SSR 96-8p, 1996 WL 374184, at *4.  However, immediately after quoting this language, the ALJ's decision summarily concludes that "[t]herefore, the following [RFC] assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis."  (R. at 18.)  The decision contains no further evaluation of Plaintiff's functional limitations from her mental impairments, and the only reference to Plaintiff's mental impairments in the ALJ's RFC analysis is his statement that "claimant's asserted mental health issues were addressed above as non-severe." (R. at 19.)

---

[2] "Specific Vocational Preparation is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation."  Dictionary of Occupational Titles, App. C.II., 1991 WL 688702 (4th ed. 1991).

The Court finds that the ALJ failed to analyze Plaintiff's mental impairments in the RFC.  The ALJ properly considered those impairments at steps two and three in evaluating their possible severity.  (*See* R. at 17-18.)  "Under the regulations, however, a finding of non-severity alone would not support a decision to prepare an RFC assessment omitting any mental restriction."  *Wells*, 727 F.3d at 1065.  The very language the ALJ quotes makes clear that the "paragraph B" analysis is insufficiently detailed to supplant the analysis of the same impairments that must be performed when formulating the RFC.  *See* SSR 96-8p, 1996 WL 374184, at *4; (R. at 18).  Nevertheless, the ALJ completely ignored any discussion of Plaintiff's mental impairments in his RFC analysis, except for a reference to the finding of non-severity.  This "language suggest[s] he had excluded the[ mental impairments] from consideration as part of his RFC assessment, based on his determination of non-severity."  *Wells*, 727 F.3d at 1065.

The ALJ appears to have attempted to address Plaintiff's mental impairments in reducing the SVP, or skill level, of her RFC.  (*See* R. at 18.)  However, this does not satisfy the requirement in Social Security Ruling 96-8p that the ALJ perform a "detailed assessment by itemizing various functions" in formulating the RFC, nor does it make rational sense.  The skill level of a given occupation as defined by SVP is not analytically parallel to the "paragraph B" functional categories for evaluating the severity of mental limitations.  "Numerous authorities illustrate the basic point that intact mental aptitudes are not skills, but, rather, general prerequisites for most work at any skill level."  *Wayland v. Chater*, 76 F.3d 394 (10th Cir. 1996) (unpublished) (collecting cases).  "While there

6

may be circumstances in which a particular mental limitation could be so obviously accommodated by a reduction in skill level that particularized vocational evidence addressing that limitation might be dispensed with," the ALJ has failed to perform any RFC analysis of Plaintiff's mental limitations at all, let alone an analysis sufficient to permit the Court to determine whether such a circumstance applies here.  *Id.*

The Commissioner argues that the ALJ's finding that Plaintiff received no mental health treatment during the relevant time period supported his finding that Plaintiff had no additional mental limitations, and that the SVP of three or less "more than accommodated Plaintiff's credible [mental] limitations."  (ECF No. 15 at 11, 15.)  While these findings may have supported an RFC analysis by the ALJ concluding that Plaintiff's mental limitations did not affect her ability to perform light work with an SVP of three or less, the record is clear that the ALJ conducted no such analysis.  The Commissioner may not salvage the ALJ's faulty application of legal standards by speculating about what his analysis likely would have entailed.  "[T]o the extent the ALJ relied on his finding of non-severity as a substitute for adequate RFC analysis, the Commissioner's regulations demand a more thorough analysis."  *Wells*, 727 F.3d at 1071.  The Court concludes that the ALJ failed to properly evaluate all of Plaintiff's limitations when formulating the RFC.  This error requires remand to the ALJ.  *Id.*

The Court expresses no opinion as to the remainder of Plaintiff's arguments, and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered.  It is entirely possible that, after fully considering the evidence, the ALJ could arrive at the same conclusion and find that Plaintiff is not

disabled under the Act.  The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties, as well as the ALJ, to consider the evidence and the issues anew.

## IV.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is VACATED and this case is REMANDED to the Commissioner for rehearing.

Dated this 5th day of August, 2014.

BY THE COURT:

William J. Martinez
United States District Judge

8