**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2258-WJM

RAMONA L. SOLLERS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

On August 22, 2013, Plaintiff Ramona Sollers ("Plaintiff") initiated this action against Defendant Carolyn Colvin ("Defendant") challenging the Administrative Law Judge's ("ALJ") denial of Plaintiff's application for disability insurance benefits.  (ECF No. 1.)  The Court vacated the ALJ's decision and remanded this matter to the Commissioner of Social Security for rehearing.  (ECF No. 18.)  On October 28, 2014, Plaintiff filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion"), which is now before the Court.  (ECF No. 22.)  For the reasons set forth below, the Motion is granted.

**I.  LEGAL STANDARD**

The Equal Access to Justice Act ("EAJA") requires that a court "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ."  28 U.S.C. § 2412(d)(1)(A).  "The

Government bears the burden of showing that its position was substantially justified. . . . The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

## II. ANALYSIS

The Court vacated and remanded this matter after finding that the ALJ had failed to perform any residual functional capacity ("RFC") analysis of Plaintiff's mental limitations. (ECF No. 18 at 7.) The ALJ mentioned Plaintiff's mental impairments at steps two and three of the sequential evaluation process, and concluded the impairments were not severe. (*Id*. at 4-5.) The ALJ also attempted to address the impact of Plaintiff's mental impairments by limiting her to tasks with a specific vocational preparation level of three or less. (*Id*. at 5.) Yet the Court noted that, pursuant to the applicable regulations, "in assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe." (*Id*. at 4 (citing *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013)).) However, the ALJ had completely omitted any discussion of Plaintiff's mental impairments from the RFC analysis, except for a reference to the finding of non-severity. (*Id*. at 6.) The Court noted that "a finding of non-severity alone would not support a decision to prepare an RFC assessment omitting any mental restriction." (*Id*. (citing *Wells*, 727 F.3d at 1065).) The Court therefore concluded that the ALJ had improperly ignored Plaintiff's mental impairments in his RFC assessment, and remanded on that basis. (*Id*. at 7.)

In opposing Plaintiff's request for attorney's fees, Defendant argues that the ALJ included Plaintiff's mental limitations in his RFC assessment, albeit on a limited basis. (ECF No. 23 at 3-4.) Defendant argues that the failure to meet the regulations' articulation requirement does not necessitate a finding that its position was not substantially justified, particularly since the ALJ more fully discussed Plaintiff's mental limitations in other portions of the analysis. (*Id*. at 4-5.)

Defendant ignores that the only reference to Plaintiff's mental impairments in the RFC is the ALJ's statement that the impairments were not severe. (ECF No. 18 at 6.) The law is clear that "even if the ALJ determines that a claimant's medically determinable mental impairments are 'not severe,' he must further consider and discuss them as part of his [RFC] analysis at step four." *Wells*, 727 F.3d at 1064. The regulations require that the ALJ's discussion of all severe and non-severe impairments be a thorough one. *Id*. at 1071. While the Court acknowledges that failing to consider a non-severe impairment during the RFC analysis may be a harmless error in some circumstances, that was not the case here. *See Alvey v. Colvin*, 536 F. App'x 792, 795 (10th Cir. 2013). In its Order, the Court noted that the ALJ's decision suggested he had completely excluded Plaintiff's mental impairments from consideration during his RFC assessment. (ECF No. 18 at 6.) The Court cannot say that "[t]here is no reason to believe that a further analysis or weighing of [Plaintiff's mental impairments] could advance [her] claim of disability." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012). Therefore, because the Court did not find the ALJ's error in failing to consider Plaintiff's mental impairments in his RFC analysis to be harmless, Defendant's defense of this issue was a clear legal error that was not substantially justified.

Plaintiff's Motion requests $5,308.13 in legal fees, calculated at the rate of $186.25 per hour, for 28.5 hours of work in this matter. (ECF No. 22 at 6-8.) In its Response, Defendant only argues that its position was reasonable, and does not challenge the legal services performed or the amount of attorney's fees requested by Plaintiff. ( ECF No. 23.) The Court therefore finds it appropriate to award the full amount of fees requested by Plaintiff.

The Court also determines that it is appropriate to award the amount of fees incurred in drafting Plaintiff's Reply Brief in this matter. *See Commissioner v. Jean*, 496 U.S. 154 (1990) (holding that fees awarded under EAJA may include the fees incurred in litigating the fee dispute itself); *Brodeur v. Astrue*, 2010 WL 4038611 (D. Colo. Oct. 14, 2010) (awarding Plaintiff's entire fee request, including fees based on time spent in connection with Plaintiff's Reply to Defendant's Objection to Motion for EAJA Fees). Thus, as requested by Plaintiff, the total fee award will be $5,773.76. (ECF No. 24.)

## III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 22) is GRANTED; and
2. Defendant shall pay to Plaintiff $5,773.76 and deliverable to Plaintiff's attorney within thirty days of the date of this Order.

Dated this 24th day of March, 2015.

BY THE COURT

_____
William J. Martínez
United States District Judge